IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JAMES DRISKEL,<br><br>   Plaintiff,<br><br> v.<br><br>REGINALD KENAN, *et al.*,<br><br>   Defendants.<br>              / | No. C 10-5117 SI<br><br>**ORDER GRANTING DEFENDANT KENAN'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION; ORDER TO SHOW CAUSE FOR PLAINTIFF TO DEMONSTRATE WHY THIS COURT HAS PERSONAL JURISDICTION OVER REMAINING DEFENDANTS** |

  On October 28, 2011, the Court held a hearing on defendant Reginald Kenan's motion to dismiss the complaint. Plaintiff Andrew Driskel, who is proceeding *pro se*, did not appear at the hearing, nor did Driskel file an opposition to the motion. For the reasons set forth below, the Court GRANTS defendant's motion and DISMISSES plaintiff's claims against defendant Kenan for lack of personal jurisdiction. Further, because it appears that the remaining defendants are North Carolina residents over whom this Court lacks jurisdiction, plaintiff is hereby ORDERED TO SHOW CAUSE in writing to be filed no later than **November 14, 2011** why this Court has personal jurisdiction over defendants Middleton, Kuznof and Williams. If plaintiff fails to respond to the Order to Show Cause, or fails to demonstrate that this Court has personal jurisdiction over the remaining defendants, the Court will dismiss this case for lack of personal jurisdiction.

**BACKGROUND**

  On November 10, 2010, *pro se* plaintiff Andrew James Driskel filed a complaint against several defendants, including defendant Reginald Kenan. The complaint is difficult to decipher, but appears

1 to allege that real property located at 120 Moore Street in Kenansville, North Carolina, was fraudulently
2 taken from decedent Georgia M. Driskel by defendants, and that plaintiff is entitled to the property itself
3 or monies derived from the sale of the property. The complaint alleges that defendant Kenan, who is
4 an attorney, participated in the fraud by preparing certain documents, including deeds, in connection
5 with the administration of the estate of the decedent.

6 On July 14, 2011, defendant Kenan filed a motion to dismiss the complaint. Defendant is a
7 resident of North Carolina, and he contends that this Court lacks personal jurisdiction over him because
8 he does not have any contacts with the State of California. On August 4, 2011, Magistrate Judge
9 Zimmerman issued a Briefing Order requiring that plaintiff's opposition to defendant's motion be filed
10 by August 24, 2011, and that any reply be filed by September 6, 2011. Docket No. 30. Plaintiff did not
11 file an opposition, and defendant filed a reply on September 6, 2011. On September 7, 2011, this case
12 was reassigned to this Court. On September 12, 2011, defendant re-noticed the motion to dismiss for
13 a hearing on October 28, 2011. Plaintiff has not filed any pleadings in advance of the October 28, 2011
14 hearing, and has not taken any action in this case since he filed a "Notice re Deed Correction" on May
15 10, 2011. Defendant served plaintiff at his home address with copies of the motion to dismiss, the reply,
16 and the re-notice of the motion to dismiss. Docket Nos. 26, 34, 38 & 40.

## DISCUSSION

19 Defendant contends that this Court lacks personal jurisdiction over him. Defendant has filed a
20 declaration stating that (1) his principal place of business in located in North Carolina and he is not
21 licensed to practice law in any state other than North Carolina; (2) he has never been qualified to do
22 business in California, has never had employees residing in or domiciled in California, and he has never
23 contracted with anyone residing in California to act on his behalf with respect to marketing any of his
24 services; (3) he has never had any branch office or comparable facilities in California, and has never had
25 any telephone listings or mailing addresses in California; (4) he does not own, lease, possess or maintain
26 any real or personal property in California, and he has never owned, leased, possessed, or maintained
27 any real or personal property in California; (5) he has never directed any of his advertising specifically
28 toward California residents, nor has he ever advertised in any publications that are directed primarily

toward California residents; (6) he has never attended business conferences or similar functions in California; and (7) he has never paid taxes of any kind to the State of California. Kenan Decl. ¶¶ 2-13. Defendant also notes that the acts or omissions for which plaintiff seeks to hold him liable all occurred outside of California.

Personal jurisdiction over a non-resident defendant may exist if the defendant has either a continuous and systematic presence in the state (general jurisdiction), or sufficient minimum contacts with the forum state such that the exercise of jurisdiction will not "offend traditional notions of fair play and justice" (specific jurisdiction). *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For a court to exercise specific jurisdiction, the nonresident defendant must undertake an act or transaction "by which he purposefully avails himself of the privilege of conducting activities in the forum," the claim must arise out of the non-resident defendant's forum-related activities, and the exercise of jurisdiction over the defendant must be reasonable. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (citation omitted). The plaintiff bears the burden of establishing personal jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003).

Based upon the undisputed record before the Court, the Court concludes that there is no basis for general or specific jurisdiction over defendant Kenan. Accordingly, the Court GRANTS defendant's motion to dismiss and DISMISSES plaintiff's claims against defendant Kenan for lack of personal jurisdiction.

Further, it appears that this Court lacks jurisdiction over the remaining North Carolina defendants as the complaint does not allege that the other defendants have any contacts with California, and all of the events giving rise to plaintiff's claims occurred in North Carolina. Plaintiff has not served defendants Kuznof or Williams.[1] Plaintiff served defendant Middleton, and the Clerk entered default against Middleton. However, if the Court lacks personal jurisdiction over defendant Middleton, the entry of default must be set aside. *See Veeck v. Commodity Enterprises, Inc.*, 487 F.2d 423, 426 (9th Cir. 1973). Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE in writing no later than

---

[1] The 120 day time limit for serving process set out in F.R.Civ.P. 4(m) has long since expired. This action may be dismissed against these defendants for that reason as well.

**November 14, 2011** why this Court has personal jurisdiction over defendants Middleton, Kuznof and Williams. If plaintiff fails to respond to this order, the Court will set aside the default and dismiss this case. If plaintiff contends that this Court has personal jurisdiction over the remaining defendants, plaintiff must specifically state what contacts defendants have with the State of California such that this Court may exercise personal jurisdiction over them.

**CONCLUSION**

For the reasons stated above, the Court GRANTS defendant's motion to dismiss. Docket No. 24. Plaintiff is hereby ORDERED TO SHOW CAUSE in writing to be filed no later than **November 14, 2011** why this Court has personal jurisdiction over defendants Middleton, Kuznof and Williams.

**IT IS SO ORDERED.**

Dated: October 28, 2011

SUSAN ILLSTON
United States District Judge

4